IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK A. HAFNER )
)
v. ) NO. 3:09-0656
)
TRANS UNION CORPORATION )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D T I O N

By Order entered July 20, 2009 (Docket Entry No. 6), this action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court are the motion for summary judgment (Docket Entry No. 11) and renewed motion to grant summary judgment (Docket Entry No. 17) filed by Defendant Trans Union, LLC. The plaintiff has not filed a response to either motion.[1] For the reasons set out below, the Court recommends that the motions be granted.

## I. BACKGROUND

On June 1, 2009, the plaintiff filed this action pro se in the General Sessions Court for Williamson County, Tennessee, asserting a claim against Trans Union, LLC[2] ("Trans Union") under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"). He alleges that Trans Union reported erroneous credit information regarding two financial accounts he had with "Washington

---

[1] By Order entered November 13, 2009 (Docket Entry No. 14), the plaintiff was notified of the motion for summary judgment and the need to respond. On December 16, 2009, the Order, sent to the plaintiff by certified mail, was returned unclaimed. See Docket Entry No. 16.

[2] The defendant was improperly identified as Trans Union Corporation in the complaint.

Mutual" and refused to correct the information upon his notification to Trans Union that the information was incorrect.

On July 17, 2009, Trans Union removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, see Docket Entry No. 1, and filed an answer (Docket Entry No. 7) on July 23, 2009. A scheduling order (Docket Entry No. 9) has been entered in the action setting out deadlines for pretrial activity.

By its motion for summary judgment, Trans Union asserts that the plaintiff has not responded to discovery requests, including requests for admissions, served upon him by Trans Union in July of 2009. Trans Union contends that the plaintiff has not supported his claim with any substantive evidence and that the undisputed evidence, including the unanswered requests for admission, which are deemed admitted, show that no violation of the FCRA has occurred and that summary judgment is warranted in its favor. In its second motion, the defendant essentially argues that the first motion for summary judgment should be granted because the plaintiff failed to respond to the motion and that the facts set out in the defendant's Local Rule 56.01(b) statement are uncontroverted.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to summary judgment as a matter of law." Rule 56(c) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon County, 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts

"in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his position; "a mere scintilla of evidence is insufficient." Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003).

### III. CONCLUSION

Trans Union contends that the two Washington Mutual accounts at issue were included in and discharged as part of a Chapter 7 bankruptcy petition filed by the plaintiff, see Defendant's Local Rule 56.02(b) Statement (Docket Entry No. 13), at ¶ 8, and that plaintiff failed to contact Washington

3

Mutual to challenge the information about the accounts which it was reporting to Trans Union. Id. at ¶ 9. Trans Union further contends that, by failing to respond to the requests for admission, the plaintiff has admitted that Trans Union did not violate any provision of the FCRA, followed reasonable procedures to assure the maximum possible accuracy of the information Trans Union reported, and undertook reasonable investigation of the plaintiff's disputes regarding the information reported. Id. at ¶¶ 24-26. Finally, Trans Union asserts that the plaintiff has admitted that he suffered no damages as a result of any act or omission on the part of Trans Union. Id. at ¶ 33.[3]

The showing of an inaccuracy is an essential element of a claim under the FCRA. Spence v. TRW, Inc., 92 F.3d 380, 382 (6th Cir. 1996). Additionally, for claims based upon inaccuracies in a report, there must be a showing that a consumer reporting agency, such as Trans Union, either negligently or willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information. See Nelski v. Trans Union, LLC, 86 Fed.Appx. 840, 844, 2004 WL 78052 (6th Cir. Jan. 15, 2004); Holmes v. Telecheck Int'l, Inc., 556 F.Supp.2d 819, 830-31 (M.D. Tenn. 2008). A plaintiff who alleges that a consumer reporting agency failed to properly investigate a dispute about information reported by the agency must show that the agency acted unreasonably in its investigation. See Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1160 (11th Cir. 1991).

The plaintiff has not presented any evidence to the Court which contradicts the evidence presented by Trans Union, rebuts Trans Union's argument that it did not violate any provision of the FCRA, or otherwise satisfies the elements necessary for a claim under the FCRA. As such, the plaintiff has failed to support his claim against Trans Union under the FCRA.[4]

---

[3] Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, a matter included in a request for admission is deemed admitted unless it is answered or objected to by the party upon whom it is served. Pursuant to Rule 36(b), an admitted matter is conclusively established unless the court, upon motion, permits the admission to be withdrawn or amended.
   In the instant action, the plaintiff failed to respond to the requests for admission and has not moved to withdraw or amend the admitted matters.

[4] The Court notes that the plaintiff has not even identified in his complaint any specific provision of the FCRA which Trans Union is alleged to have violated.

4

After review of the evidence before the Court, the Court finds that no reasonable jury could find in favor of the plaintiff on his claim under the FCRA. In the face of a properly supported summary judgment motion, the plaintiff must present specific evidence showing that a genuine issue of material fact exists and that he could succeed on the merits of his claims based on the evidence presented. Liberty Lobby, Inc., 477 U.S. at 252; Interroyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). The plaintiff has not set forth such evidence, and he is not entitled to trial solely on the basis of his unsupported allegations and speculation. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 11) and renewed motion to grant summary judgment (Docket Entry No. 17) filed by Defendant Trans Union, LLC be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge